UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY ARNDT,

                Plaintiff,

v.                                                                      Case No. 15-C-750

AON HEWITT BENEFIT PAYMENT
SERVICES, LLC, et al.,

                Defendants.

## DECISION AND ORDER

Plaintiff Jeffrey Arndt brought this action in state court, alleging that the Defendants had misrepresented the pension benefits he would receive upon his retirement. Plaintiff alleges he relied on that misinformation, to his detriment, when he decided to retire from his job. The Defendants removed the case to federal court and now move to dismiss on the grounds of preemption. For the reasons given below, the motion will be granted.

The Defendants ("Hewitt") are in the business of administrating pension plans. Plaintiff's employer contracted with Hewitt to administer its plan, and in 2012 and 2013 Hewitt allegedly informed Arndt what he could expect to receive as a pension benefit when he retired. According to the complaint, Arndt did receive that expected benefit for some sixteen months, until he received a letter from Hewitt explaining that his benefit had been miscalculated because it had failed to account for payments to be made to Arndt's ex-wife. Arndt asserts that had he known what his actual benefit would have been, he would have kept working. The misinformation resulted in the

lost wages he would have earned had he kept working. The complaint does not allege an actual cause of action (nor does it have to), but in briefing the Plaintiff has suggested the Defendants' conduct amounts to negligent misrepresentation.

**I. Complete Preemption does not Apply**

Hewitt first argues that dismissal is warranted because the cause of action is completely preempted by federal law, namely, the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq*. Complete preemption—"a doctrine only a judge could love"—*Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1075 (7th Cir. 1992), confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim. *Franciscan Skemp Healthcare Inc. v. Central States,* 538 F.3d 594, 596 (7th Cir. 2008).

Complete preemption is a doctrine of removal jurisdiction rather than a substantive "defense." If the complete preemption doctrine applies, a court recharacterizes a plaintiff's state law claims as federal ones for the purpose of creating federal question jurisdiction. The doctrine is aimed at preventing plaintiffs' lawyers from artfully crafting claims so as to remain in state court, thus depriving defendants of their federal forum for what are actually federal claims. In short, complete preemption is not a basis for dismissal of the claim on its merits, but merely a basis for finding federal jurisdiction. "Even when ERISA completely preempts a state claim, it does not follow that the claim should be dismissed." *Connecticut Gen. Life Ins. Co. v. Grand Ave. Surgical Ctr., Ltd.,* No. 13 C 4331, 2014 WL 151755, *2 (N.D. Ill. Jan. 14, 2014).

Since the only purpose in discussing complete preemption is to establish subject matter jurisdiction, the analysis is relevant only in those cases where jurisdiction would otherwise be

2

lacking. Here, the Plaintiff has conceded that diversity jurisdiction exists. The parties are from different states, and the complaint seeks lost wages and overtime for an unspecified amount of time, but presumably for several years, which would place the amount in controversy at well over the $75,000 threshold. Since there is already a basis for federal jurisdiction, it doesn't matter whether the claims are characterized as "federal" or not, because Hewitt may remove the case either way. *Bartholet,* 953 F.2d at 1075 (the "right to remove cases that 'really' depend on federal law goes by the misnomer 'complete preemption.'"); *Nat'l Prod. Workers Union Ins. Trust v. Life Ins. Co. N. Am.,* No. 05-CV-5415, 2010 WL 1292429, at *7 (N.D. Ill. Mar. 29, 2010) ("Given the existence of [diversity] jurisdiction, there is no need to decide whether the Court also has federal question jurisdiction [under ERISA].") Accordingly, I agree with the Plaintiff that the complete preemption doctrine is neither relevant nor applicable here.

**II. Conflict Preemption**

Hewitt also argues that conflict preemption applies. Unlike the ill-named doctrine of complete preemption, conflict preemption is an actual preemption defense that would warrant dismissal. For purposes of conflict preemption, ERISA preempts all state laws that "relate to" an ERISA-covered employee benefit plan. *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 655 (1995); 28 U.S.C. § 514(a). Here, clearly the claim alleged in the complaint "relates to" an ERISA plan because Hewitt's erroneous statements about the Plaintiff's pension plan were what induced him to retire early. But courts are not to apply an "uncritical literalism" to the preemption question. *Trustees of AFTRA Health Fund v. Biondi,* 303 F.3d 765, 780 (7th Cir. 2002) (citations omitted). Almost any state law claim could be said to "relate to" a plan, and so "a state-law claim is not expressly preempted under § 1144(a) merely

3

because it requires a cursory examination of ERISA plan provisions." *Id.* Instead, preemption will be found only if a court is required to interpret or apply the terms of an ERISA plan, or if the claim interferes with or supplements what ERISA otherwise provides. *Id.*

Here, unlike most claims brought in preemption cases, the Plaintiff is not seeking benefits allegedly due under the plan in question. In fact, he goes to great pains to eschew any desire to collect funds he believes are owing. Instead, he seeks the wages he lost from his employer by relying on Hewitt's incorrect statements about what those benefits would be. The actual terms of the plan, he argues, are largely irrelevant to his claim.

Hewitt points to a number of cases in which plaintiffs' claims were found preempted despite an attenuated relationship with the plans themselves. For example, in *Haasl v. Leach Co.,* this court found preemption of breach of contract and negligent misrepresentation claims:

> The alleged fraud or misrepresentation here is that Yakley falsely said that the terms of the Leach plan were X, when actually they were Y. Just as was the case with the breach of contract claim, determining whether there was actually a misrepresentation will necessarily involve an interpretation of the actual terms of the Leach plan. At their heart, all of these claims must "relate to" an ERISA plan because they are based on misrepresentations about the terms of an ERISA plan.

*Haasl v. Leach Co.,* No. 02-C-1184, 2004 WL 1584128, at *8 (E.D. Wis. Feb. 17, 2004).

In another case the Defendants cite, the plaintiff was suing to receive benefits under a plan he alleged he was promised, and the court found that "[a] suit based on the difference between the pension promised by contract and the pension established by the plan 'relates to' the pension plan." *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1077 (7th Cir. 1992). Here, it is true that Arndt alleges that Hewitt said Arndt's benefits would be X, when in reality they were Y. The genesis of this lawsuit is an error in calculating plan benefits. But unlike *Haasl* and *Bartholet,* this

4

plaintiff is studiously and deliberately *not* suing to receive the difference in benefits promised versus benefits actually received (X minus Y). Because the Plaintiff has conceded he is not entitled to more benefits under the plan, the court is not being asked to compare the alleged promise to the plan at all. Accordingly, Arndt is correct that a court hearing his claim would not be required to interpret the terms of the plan at issue. His claim is thus somewhat farther afield from the other preemption cases Hewitt cites.

Even so, the claim here is that an error in administering an ERISA plan led the Plaintiff to suffer damages. It is true that the Plaintiff has alleged damages *apart from* the benefits owed under the plan itself, but that will not save a claim that, at its core, is premised on an error in administering an ERISA plan. Otherwise, presumably any plaintiff could get around the preemption bar by alleging that the benefits administration error caused consequential damages rather than just the loss of plan benefits. For example, a plaintiff aggrieved by a miscalculation in benefits might allege infliction of emotional distress, which led to medical bills, as well as pain and suffering. Even if she did not seek the benefits themselves as damages, her lawsuit would no doubt be preempted as "relating to" an ERISA plan. *Estate of Coggins v. Wagner Hopkins, Inc.,* 174 F. Supp. 2d 883, 888 (W.D. Wis. 2001); *Dreczka v. Hartford Life & Acc. Ins. Co.,* No. 10-C-0002, 2013 WL 1148899, at *3 (E.D. Wis. Mar. 19, 2013) (claim for emotional distress resulting from insurer's hiring of a private investigator preempted because it "arise[s] from and relate[s] to the administration of policy benefits".) The centerpiece of Plaintiff's argument is the fact that he is not seeking plan benefits but rather consequential damages resulting from an error in administering the plan, but that is not enough to save his claim from preemption.

It could be helpful to step back from the statute's text and examine the purpose of

5

preemption in the first place. By drafting an express preemption clause, Congress intended to say that ERISA provided the *exclusive* means of obtaining redress for matters relating to benefit plans. The goal was "to ensure that plans and plan sponsors would be subject to a uniform body of benefits law." *Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 142 (1990). That body of benefits law will not be uniform, however, if benefits administrators are subject to claims *in addition to* ERISA claims merely because the plaintiff seeks damages above and apart from the ERISA plan benefits themselves. Thus, the Supreme Court has held that "any state-law cause of action that . . . . supplements . . . the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209 (2004). ERISA creates a federal right of action for a plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The claim alleged here would supplement what ERISA provides by making a third-party benefits administrator liable to a plan beneficiary not just for what is recoverable under ERISA itself but under state law consequential damage theories as well. Allowing a plaintiff to proceed on a claim not provided by ERISA itself would conflict with ERISA's exclusive domain because it would create an alternative enforcement mechanism to ERISA. *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 658, 659-60, 658 (1995). "Generally speaking, ERISA preempts state common law claims of fraudulent or negligent misrepresentation when the false representations concern the existence or extent of benefits under an employee benefit plan." *Griggs v. E.I. DuPont de Nemours & Co.,* 237 F.3d 371, 378 (4th Cir. 2001). " ERISA preemption is commonly understood to apply to state common law claims that an

6

ERISA fiduciary misrepresented the nature or availability of retirement benefits, or failed to provide enough information to permit the retiring beneficiary to make an intelligent retirement decision." *Id.*

Arndt relies primarily on a Seventh Circuit case finding no preemption. In *Trustees of AFTRA Health Fund v. Biondi,* the Seventh Circuit found no preemption of a fraud claim brought against an employee who had failed to notify the plan that he had divorced his wife. 303 F.3d 765, 780 (7th Cir. 2002). In so holding, the court noted that an ERISA plan merely served as the context for the fraud by the employee, and allowing the lawsuit to proceed would not disrupt or supplant any of ERISA's fundamental concerns. *Id.* at 779-780. That result was reasonable because ERISA itself does not provide any kind of scheme for compensating employers for employee fraud. Here, however, the lawsuit is brought by a plan beneficiary who seeks compensation as a result of an error in administering an ERISA plan—something at the very core of ERISA itself.

In a number of cases finding no preemption in misrepresentation cases, the key factor is that a third party was alleging fraud against an insurer or benefits administrator (or, as in *Biondi* against an employee), and ERISA itself does not provide any mechanism for recompense in such situations. "The crucial factor is less often the content of the misrepresentation, and more often the way the misrepresentation affects the relationship between the plan agents and the third-party providers." *Vencor Hosps.-Ltd. P'ship v. Aetna U.S. Healthcare, Inc.,* No. IP00-0695CBS, 2001 WL 1029109, at *3 (S.D. Ind. Sept. 6, 2001) (collecting cases). Those kinds of misrepresentation claims "do not alter the primary relationship between beneficiary and administrator under a plan." *Id.* By contrast, "[c]ourts have preempted state law claims in cases where third parties attempt to enforce or expand the rights of beneficiaries under the terms of ERISA plans, or where third parties assert rights as

7

assignees of plan beneficiaries." *Id.* The point is that when a party is trying to expand the rights an ERISA plan beneficiary would otherwise have under ERISA, the claim is preempted. *Biondi,* on which Arndt relies heavily, is simply another example of a situation (fraud committed by an *employee*) in which ERISA does not have much say or provide any mechanism for recovery. By contrast, ERISA has a strong say about what avenues are available to a plan beneficiary who alleges an error was made in calculating his benefits. That means the claim is preempted.

In sum, Arndt is correct that this is not another in a long line of cases in which a plaintiff is trying to obtain benefits due under an ERISA plan through a mechanism other than ERISA itself. Even so, allowing the claim to proceed would create a cause of action that supplements what ERISA already provides when a plan beneficiary alleges an error in benefits administration. Accordingly, I find the claim preempted and, because Plaintiff does not suggest that an amendment could cure the defect (i.e., that he would actually have a cause of action under ERISA itself), the case will be subject to dismissal.

### III. Conclusion

The Defendants' motion to dismiss is **GRANTED**. The case is dismissed with prejudice. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this 19th day of November, 2015.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court